UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| STARLING YVONNE ANDREW, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 20-125-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| OFFICER ERIC SCHMIDT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Starling Yvonne Andrew is a resident of Danville, Kentucky. Proceeding without an attorney, Andrew has filed a document with the Court that has been docketed as a civil proceeding for administrative purposes. [D.E. No. 1] Andrew has not paid the filing fee, but she has filed a motion for leave to proceed *in forma pauperis*. [D.E. No. 2] The information contained in Andrew's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee, thus her motion will be granted. Because Andrew is granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of the document filed by Andrew because she has been granted pauper status. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

The document docketed as Andrew's "complaint" is one-page document with various disjointed, handwritten statements surrounding a copy of an advertisement for a power charger that Andrews states that she found in "Heartland Magazine." [D.E. No. 1] She states that "[t]his is made by Eastern Steel yet made for Motorola my [o]riginal Starling Jack Inventor 5 stars its making money since I found this in Heartland [illegible] its mine." She further states that "[t]his came out by Motorola in 2013 without notification to me who made the [illegible] in 2009 me Starlight its mine." She further states:

> I gave this to Motorola Telephone Co. Mr. Obama the president showed Eric Schmidt where to pick this up at. He even knows Hillary Clinton. Obama told me to wait that he will pay me and Eric Schmidt did not. Mr. Eric Schmidt gave Mr. Obama $25,000,000, million dollars for my invention in Motorola he showed him where it was.

[D.E. No. 1]

Included with her submission is a drawing that she claims is a "Car Jack for 'Starling' Cell Phone with Plugs Uses Any Phone that Has Plugs." [D.E. No. 1-1] She also submits page 1 of 2 of a "Declaration for Utility or Design Patent Application," listing her as the inventor of the "Starling" Cell Phone with Built in Adaptor with Plugs and Car Jack Receptor for Cigarette Lighter." [*Id*.] However,

critical parts of the form (including the Attorney Docket Number, the Application Number, the Filing Date, the Art Unit, and the Examiner Number) are left blank. [*Id*.] She also includes a handwritten document purportedly signed by the Police Captain of the Danville Police Department stating that "every thing that is happening to Starling Yvonne Andrews is true," and that she is "stable." [*Id*.] Finally, she includes a print out about a website containing "information relating to advanced satellite surveillance and 'harassment' technologies which are made available to covert government agencies and organized crime syndicates." [*Id*.]

A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the Court must dismiss any complaint that fails to do so, *Hill*, 630 F. 3d at 470-71. The Court's obligation to liberally construe *pro se* pleadings does not extend so far as to require it to conjure unpled facts or create claims for the plaintiff. *Moorman v. Herrington*, No. 4:08-cv-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009) (citations omitted).

While this matter has been docketed as a civil proceeding, Andrew's filing is insufficient to invoke this Court's jurisdiction. While her motion to proceed *in forma pauperis* identifies the defendant as "Eric Schmidt works at Google in California LA He is the CEO of Google in LA California," [D.E. No. 2] the document docketed as her "complaint" does not identify any defendants, nor does she allege any facts

giving rise to a plausible claim against Schmidt. Nor does Andrew make any clear allegations regarding the grounds of this Court's jurisdiction or of Andrew's entitlement to relief as required by Federal Rule of Civil Procedure 8.

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Because Andrew has not filed a proper civil complaint to invoke this Court's jurisdiction, the Court will dismiss this action for failure to adequately articulate a claim for relief under Federal Rule of Civil Procedure 8 and failure to invoke federal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Accordingly, it is **ORDERED** as follows:

1. Andrew's motion to proceed in forma pauperis [D.E. No. 2] is **GRANTED**.

2. Andrew's pleading [D.E. No. 1], docketed as a complaint for administrative purposes, is **DISMISSED**.

3. This action is **STRICKEN** from the Court's docket.

This 1st day of April, 2020.



**Signed By:**
*Henry R Wilhoit Jr.*
**United States District Judge**